23-7386-cv
*Bridgeport Music Inc. v. TufAmerica Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of December, two thousand twenty-four.

PRESENT:
> SUSAN L. CARNEY,
> JOSEPH F. BIANCO,
> WILLIAM J. NARDINI,
> > *Circuit Judges.*

---

BRIDGEPORT MUSIC INC., WESTBOUND RECORDS, INC.,

> *Plaintiff-Counter-Defendants-Appellees*,

> v.                                                                23-7386-cv

TUFAMERICA INC., D/B/A TUFF CITY RECORDS, KAY LOVELACE TAYLOR, Individually and on behalf of the Estates of LeBaron Taylor,

> *Defendant-Counter-Claimants-Appellants.*

---

| | |
|---|---|
| FOR DEFENDANT-<br>COUNTER-CLAIMANTS-APPELLANTS: | HILLEL IRA PARNESS, Parness Law Firm,<br>PLLC, New York, New York. |
| FOR PLAINTIFF-<br>COUNTER-DEFENDANTS-APPELLEES: | RICHARD S. BUSCH, King & Ballow,<br>Nashville, Tennessee. |

Appeal from the orders of the United States District Court for the Southern District of New York (Paul G. Gardephe, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's orders, entered on July 26, 2023 and September 11, 2023, are **AFFIRMED**.

Defendant-Counter-Claimants-Appellants TufAmerica Inc., d/b/a Tuff City Records, and Kay Lovelace Taylor, individually and on behalf of the estates of LeBaron Taylor, appeal from the district court's partial grant of summary judgment, pursuant to Federal Rule of Civil Procedure 56, in favor of Plaintiff-Counter-Defendants-Appellees Bridgeport Music Inc. and Westbound Records Inc., and denial of a motion for reconsideration, on Appellants' counterclaim for a declaratory judgment that they are the rightful owners of the copyrights to certain George Clinton compositions (the "Compositions"), as well as the related counterclaims for copyright infringement and an accounting of damages. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

In December 2017, Appellants issued a letter to Appellees stating that they were the rightful owners of the copyrights to the Compositions, and that, by exploiting the Compositions, Appellees had infringed on those copyrights. After the parties attempted, but were unable, to resolve the dispute, Appellees filed a complaint against Appellants on January 11, 2018, in the Eastern District of Michigan, seeking a declaratory judgment that, *inter alia*, they were the rightful owners of the copyrights to the Compositions, and, as such, they had not committed copyright infringement. The case was transferred in February 2019 to the Southern District of New York. On May 8, 2019, Appellants filed an amended answer and asserted counterclaims, seeking a declaratory judgment

2

that they were the rightful owners of the Compositions, and alleging, *inter alia*, that Appellees had committed copyright infringement.

Appellees then moved on January 18, 2022 for summary judgment on their affirmative claims and Appellants' counterclaims. On July 26, 2023, the district court granted partial summary judgment in favor of Appellees. *See generally Bridgeport Music, Inc. v. TufAmerica, Inc.*, No. 19-cv-1764 (PGG), 2023 WL 4763725 (S.D.N.Y. July 26, 2023). More specifically, the district court denied summary judgment as to Appellees' affirmative claims, holding that genuine disputes of material facts existed regarding ownership of the Compositions, *id*. at *7–11, and it granted summary judgment in favor of Appellees as to Appellants' counterclaims on the ground that they are time-barred, *id*. at *14–16. In doing so, the district court determined that the uncontroverted evidence showed that, through their predecessor-in-interest, LeBaron Taylor, Appellants were aware in the 1970s that Appellees had released recordings containing the Compositions, and that, despite knowing that their alleged ownership was being exploited, Appellants received no royalties to which they were allegedly entitled for the Compositions and made no claims for payment at that time. *Id.* at *14–15. Based on this record, the district court held that Appellants' claims accrued in the 1970s when they learned that Appellees were exploiting ownership in the Compositions, with Appellants receiving no royalties, and further held that, because Appellants did not assert any claims until this lawsuit was initiated in 2018, their counterclaims were time-barred under the Copyright Act's three-year statute of limitations. *Id.*

After the district court issued its summary judgment decision, each party moved for additional relief. On August 8, 2023, Appellees submitted a letter to the district court, in which they argued that "[t]he sole reason this action was filed has now been mooted by the Court's

3

dismissal of [Appellants'] counterclaims." Dist. Ct. Dkt. No. 111 at 1. Moreover, Appellees requested, in the absence of any live dispute between the parties, and with Appellants' consent, that the district court conditionally dismiss Appellees' pending affirmative claims, allowing them to be reinstated should Appellants prevail on a motion for reconsideration of the summary judgment decision or on appeal to this Court. *Id.* Appellants subsequently filed a motion for reconsideration, which the district court denied in an order issued on September 10, 2023. *See generally Bridgeport Music, Inc. v. TufAmerica, Inc.*, No. 19-cv-1764 (PGG), 2023 WL 5917635 (S.D.N.Y. Sept. 10, 2023). In that same order, the district court granted the parties' request to conditionally dismiss Appellees' affirmative claims. *Id.* at *9–10. This appeal followed.[1]

"We review the district court's rulings on summary judgment *de novo*, resolving all ambiguities and drawing all permissible inferences in favor of the nonmoving party." *Tiffany & Co. v. Costco Wholesale Corp.*, 971 F.3d 74, 83 (2d Cir. 2020). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no

---

[1] As a threshold matter, notwithstanding the conditional dismissal order, the district court's dismissal of the counterclaims created finality such that this Court has subject matter jurisdiction to hear this appeal. In declaratory judgment actions, "[a] case is moot if the dispute is no longer embedded in any actual controversy about the plaintiffs' particular legal rights." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (internal quotation marks and citation omitted). Here, once the counterclaims were dismissed, as the parties jointly argued in the district court, there was no longer a live controversy between them regarding the ownership of the copyrights to the Compositions, which was the basis for Appellees' affirmative claims. Accordingly, we deem Appellees' affirmative claims to have been dismissed as moot, creating a final judgment for this Court to review on appeal. *See N.Y. State Telecomms. Ass'n, Inc. v. James*, 101 F.4th 135, 143 (2d Cir. 2024) (emphasizing "the Supreme Court's mandate that 'finality is to be given a practical rather than a technical construction'" (quoting *Microsoft Corp. v. Baker*, 582 U.S. 23, 37 (2017))); *see also Kwan v. Schlein*, 634 F.3d 224, 232 (2d Cir. 2011) (finding appellate jurisdiction was proper, after parties conditionally dismissed counterclaims because, after prevailing on summary judgment, there was "no reason to continue to pursue their claims").

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

Pursuant to Section 507(b) of the Copyright Act, "[n]o civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." 17 U.S.C. § 507(b). Where, as here, ownership of a copyright is at issue, a "claim accrues only once, when a reasonably diligent plaintiff would have been put on inquiry as to the existence of a right." *Kwan*, 634 F.3d at 228 (internal quotation marks and citation omitted). "This Court has identified at least three types of events that can put a potential plaintiff on notice and thereby trigger the accrual of an ownership claim: public repudiation; private repudiation in communications between the parties; and implicit repudiation by conspicuously exploiting the copyright without paying royalties." *Wilson v. Dynatone Publ'g Co.*, 892 F.3d 112, 118 (2d Cir. 2018) (internal quotation marks and citation omitted).

On appeal, Appellants contend that the district court erred in granting summary judgment in favor of Appellees and dismissing Appellants' counterclaims as time-barred under the Copyright Act, arguing, *inter alia*, that the record does not support a finding that Appellants were on notice in the 1970s that Appellees had exploited ownership in the Compositions, and thus Appellants' counterclaims did not accrue at that time. Specifically, Appellants assert that, in concluding that their claims were time-barred, the district court improperly relied upon on a disputed fact—namely, that Appellants' predecessor-in-interest, LeBaron Taylor, became aware in the 1970s that Appellees had released recordings of the Compositions when he played those records on the air as a disc jockey at a radio station in Detroit, Michigan. We find these arguments unpersuasive.

As an initial matter, Appellants admitted to the very facts they now claim are in dispute. Specifically, in their Rule 56.1 response and counterstatement of material facts, Appellants admitted that Taylor worked as a disc jockey at a Detroit radio station in the 1970s and played Appellees' recordings of the Compositions on air. Although Appellants now attempt to argue that their admissions were made in error and should not be binding on them because they are unsupported by the record, that argument is unavailing. "Parties are bound by their concessions in Rule 56.1 Statements," and, as a result, they cannot "walk back these admissions to create genuine issues of material fact." *McKinney v. City of Middletown*, 49 F.4th 730, 744 (2d Cir. 2022) (internal quotation marks and citation omitted); *see also Gibbs ex rel. Est. of Gibbs v. CIGNA Corp.*, 440 F.3d 571, 578 (2d Cir. 2006) (explaining that "[f]acts admitted . . . are judicial admissions that bind the [party] throughout [the] litigation"). As such, based on Appellants' admission, it was proper for the district court to determine that Appellants were aware in the 1970s that Appellees were exploiting ownership in the Compositions.[2] *See Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) ("[W]e have affirmed the grant of summary judgment on the basis of uncontested assertions in the moving party's Local Rule 56.1 statement."), *abrogated on other grounds by Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009).

Moreover, the district court was correct in determining that Appellants' claims accrued in the 1970s when Appellants, as Taylor's alleged successors-in-interest, became aware that Appellees

---

[2] In any event, the fact at issue regarding Taylor's knowledge of exploitation of the Compositions in the 1970s was sufficiently supported by the record. In particular, Armen Boladian, owner of Bridgeport Music and Westbound Records, stated, in a sworn declaration, "[i]n the 60s and 70s, . . . [w]hen Taylor worked at the radio station, I would take him Westbound records to play and promote," including the "recordings that Clinton recorded for Westbound." App'x at 317–18, ¶¶ 15–17; *see also* App'x at 226 (Boladian Depo.) ("[Taylor] was a D.J. and we would take records over to promote them . . . at the radio station he worked for . . . ."). Appellants point to no evidence in the record that controverts Boladian's sworn statements.

6

were exploiting ownership by releasing recordings of the Compositions, and are thus time-barred. As we have previously held, "learning that another [] is exploiting [a] work is sufficient notice that royalties are due," and when a party has "knowledge of an entitlement to royalties that are not being paid," a copyright ownership claim accrues. *Gary Friedrich Enters., LLC v. Marvel Characters, Inc.*, 716 F.3d 302, 319 (2d Cir. 2013). Here, as explained *supra*, it is undisputed that Appellants, through Taylor, were aware in the 1970s that Appellees were exploiting ownership in the Compositions. Further, as an experienced record executive, Taylor would have expected to receive royalties as compensation for that exploitation. However, it is also undisputed that Taylor did not receive any such royalties. Based on these undisputed facts, the district court properly held that Appellants' claims accrued at the time Taylor became aware that ownership in the Compositions was being exploited but did not receive the royalties to which he allegedly was entitled. Therefore, because accrual of Appellants' claims occurred in the 1970s, but Appellants did not bring any claims until Appellees initiated this lawsuit in 2018, the district court correctly concluded that "any claim of copyright ownership by [Appellants] would be time-barred" by the Copyright Act's three-year statute of limitations period.[3] *Bridgeport*, 2023 WL 4763725, at *15.

Finally, because the ownership counterclaim is time-barred, the district court also properly granted summary judgment to Appellees on the related counterclaims for infringement and

---

[3] Because we conclude that Appellants' counterclaim for a declaratory judgment on ownership is time-barred based upon Taylor's knowledge in the 1970s that the Compositions were being exploited by another record company, we need not address the district court's alternative holding that Appellants' counterclaims "accrued—at the latest—in 2011, when TufAmerica purchased rights in the Compositions from [Taylor's widow]" and "[a]s a result of their dealings with [the widow] were on inquiry as to the existence of a right at that time." *Bridgeport*, 2023 WL 4763725, at *15 (internal quotation marks and citation omitted). Similarly, we need not address Appellees' alternative arguments for dismissal of Appellants' counterclaims.

accounting of damages. *See Kwan*, 634 F.3d at 226 ("[A] time-barred ownership claim will bar a claim for copyright infringement where . . . the infringement claim cannot be decided without adjudication of a genuine dispute as to the plaintiff's ownership of the copyright.").

*         *         *

We have reviewed Appellants' remaining arguments and find them to be without merit.[4] Accordingly, we **AFFIRM** the district court's orders.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[4] To the extent Appellants also argue on appeal that the district court erred by concluding that Appellees' affirmative claims were timely, those claims are not before us because they have been conditionally dismissed and, in any event, as discussed *supra* n.1, are moot as between Appellants and Appellees.